

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OSCAR ARMANDO, PRO SE, <br> aka OSCAR ARMANDO SARREZ, <br> aka OSCAR ARMANDO MENDOZA, <br> aka OSCAR ARMANDO ESCOBAR, <br> TDCJ-CID No. 1361831, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM STEPHENS and STATE <br> CLASSIFICATION AND RECORD, <br><br> Defendants. | § § § § § § § § § § § § § § § | 2:15-CV-0181 |

## MEMORANDUM OPINION ADDRESSING NEW CLAIMS AND OVERRULING OBJECTIONS, AND ORDER OF DISMISSAL

Plaintiff OSCAR ARMANDO, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On July 14, 2015, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and malicious.

Plaintiff filed two sets of Objections. The first was fled on July 23, 2015; and the second, on July 28, 2015.

By his July 23, 2015 Objections, plaintiff redefines his claims, arguing "Huntsville State Classification and Records are responsible for placing his life in danger tree (sic) (3) times in Roach Unit . . . ." Plaintiff alleges he was attacked by several inmate gangmembers while on the

Roach Unit in 2008, when he sustained injuries to his shoulder and head, leaving him with lasting pain and severe headaches. He says he was transferred to another unit but was transferred back to the Roach Unit in September of 2010. He states he was then transferred off the Roach Unit to the Wallace Unit without having been attacked. Plaintiff suffered an attack on October 1, 2012 at the Wallace Unit which he had unequivocally informed the Court was the subject of the instant lawsuit[1].

Plaintiff's present attempt to widen his lawsuit to include an attack he claims occurred in 2008 is barred by limitations. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The instant cause was filed June 2, 2015, approximately seven years after the incident and well beyond the statute of limitations. Therefore, plaintiff's claim on that basis lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff' second assignment to the Roach Unit, he states he did not suffer an attack at that time and was soon transferred to the Wallace Unit.

Plaintiff also wants to include in this suit an incident at the Roach Unit on his last assignment there. Plaintiff has informed the Court he was transferred to the Roach unit a third time on October 19, 2012. He says at some point in time he was threatened by his old enemies and got into a fight with one of then that same day. Plaintiff says he filed a Life in Danger statement that day and was transferred off the Roach Unit. See plaintiff's July 28, 2015 Objections at page 1, paragraph 3. Plaintiff does not indicate he was injured in this incident and

---

[1] Plaintiff's June 17, 2015 Questionnaire Response at question nos. 5 and 6.

does not allege any fact showing the defendants had knowledge of facts indicating plaintiff was in substantial risk of serious harm, drew the necessary inference of risk, and then acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). With respect to his third assignment at the Roach Unit, plaintiff has failed to state a claim on which relief can be granted.

By both sets of Objections, plaintiff defends his original claim arguing that, since defendant Warden Kennelly was shielded by qualified immunity from plaintiff's claims asserted in cause no. 1:13-CV-0040 (USDC, NDTX, Abilene Div.), then the defendants named in the instant lawsuit must be liable. Plaintiff's claim against Warden Kennelly arose from an alleged assault which occurred on October 1, 2012 while plaintiff was assigned to the Wallace Unit[2]. That alleged assault formed the basis for plaintiff's claims in closed case no. 1:13-CV-0040 and in the presently pending case, 1:15-CV-0093 (also in the Abilene Division), as well as in the instant cause as plaintiff initially pled it in his Complaint and his Questionnaire Response.

Cause no. 1:13-CV-0040 included William Stephens, Director TDCJ-CID as a defendant and cause no. 1:15-CV-0093 names William Stephens, Director of Classification and Records, as the sole defendant. The instant cause names WILLIAMS STEPHENS and STATE CLASSIFICATION AND RECORDS as the defendants. Both the Abilene cases and the instant cause as originally pled, arise from the same incident, the alleged October 1, 2012 attack on plaintiff at the Wallace Unit.

It is clear plaintiff's suit in this court, as originally pled, is both barred by res judicata and is frivolous and malicious. As to the claims newly asserted by plaintiff in his Objections, as

---

[2]Plaintiff's June 17, 2015 Questionnaire Response at question nos. 5 and 6.

analyzed earlier herein, they are subject to dismissal as frivolous and for failure to state a claim on which relief can be granted.

The grievances concerning a February 14, 2015 incident at the Lynaugh Unit which plaintiff attached to his Objections are not relevant to plaintiff's claims in this cause.

In his July 23, 2015 Objection at 4, plaintiff says he feels "this case should be on hold." To the extent plaintiff is requesting a stay, he has not presented meritorious argument to support such relief.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by OSCAR ARMANDO is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS, and as FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____3rd_____ day of _____August_____, 2015.

_____
MARY LOU ROBINSON
United States District Judge